UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>STU SHERMAN, et al,<br><br>    Defendant. | **1:18-cv-01350 JLT (PC)**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Doc. 3)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Because plaintiff has filed at least three cases that the Court found to be frivolous or failed to state a cognizable claim, the Court recommends that his application be denied.

**I.    Three-Strikes Provision of 28 U.S.C. § 1915(g)**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

///

1

**II.     Analysis**

A review of the actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and should be precluded from proceeding *in forma pauperis* unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as "strikes" under 28 U.S.C. 1915(g). The Court takes judicial notice of the following four cases:

> (1) Fletcher v. Johnson, No. 2:16-cv-2136-EFB-P (E.D. Cal.) (dismissed on September 13, 2017, for failure to file amended complaint after the Court found the plaintiff failed to state a claim upon which relief may be granted (see Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017));
>
> (2) Fletcher v. Erquiza, No. 4:16-cv-04423-YGR (N.D. Cal.) (dismissed on February 17, 2017, for failure to exhaust remedies, clear on face of complaint (see El-Shaddai v. Zamora, 833 F.3d 1036, 1043-44 (9th Cir. 2016));
>
> (3) Fletcher v. Sugura, 4:16-cv-03920-YGR (N.D. Cal.) (dismissed on January 10, 2017, for failure to state a claim under section 1983)); and
>
> (4) Fletcher v. Mendez, No. 4:16-cv-03110-YGR (N.D. Cal.) (dismissed on February 13, 2017, for failure to file amended complaint after the Court found the plaintiff failed to state a claim upon which relief may be granted (see Harris, 863 F.3d at 1143).

The Court has reviewed the orders dismissing and closing the four cases listed above and finds that the cases were all properly dismissed as "strikes" under 28 U.S.C. 1915(g).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed plaintiff's complaint and finds that plaintiff does not meet the imminent danger exception. See Andrews, 493 F.3d at 1053. In the complaint, plaintiff alleges that he is being denied care for pain under his right eye, but the attachments to the pleading reveal that plaintiff has in fact received care for his condition. On review, it appears that plaintiff has merely alleged a difference of opinion as to the proper course of treatment for his pain.

Plaintiff has not shown that he was at serious risk of imminent physical harm at the time he filed the complaint for this action. The complaint is devoid of any showing that plaintiff was under imminent danger of serious physical injury at the time he filed the complaint. Thus, plaintiff's application to proceed *in forma pauperis* should be denied, and he should be required to submit the appropriate filing fee in full for this action before this case proceeds.

**III.     Conclusion**

Based on the foregoing, the Court **ORDERS** that a district judge be assigned to this case; and the Court **RECOMMENDS** that:

1.     Plaintiff's application to proceed *in forma pauperis* be DENIED pursuant to 28 U.S.C. § 1915(g); and

2.     Plaintiff be required to pay the $400.00 filing fee in full for this action, within thirty days from the adoption of these findings and recommendations.[1]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 14 days from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

---

[1] The filing fee for this action is $350.00 plus a $50.00 administrative fee. 28 U.S.C. § 1914. The $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Id.

3

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 14, 2019**         /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE